UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- X
                                     :

LFMG-S&B, LLC,                    :

                    Plaintiff,      :

                                       :               11 Civ. 4260 (LGS)

         -against-             :

                                       :            **OPINION AND ORDER**

FORTRESS CREDIT CORP., et al.,        :

                   Defendants.   :

                                       :
--------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

        Plaintiff LFMG-S&B, LLC filed this action against Fortress Credit Corp. ("Fortress" or "Defendant") and various unnamed defendants for damages arising from allegedly fraudulent conveyances in violation of New York Debtor and Creditor Law § 275 and California Civil Code § 3439.04. Defendant moves to dismiss the Complaint under the doctrine of res judicata. Defendant also moves for sanctions against Plaintiff's counsel, pursuant to 28 U.S.C. § 1927. For the following reasons, Defendant's motion to dismiss is granted, and Defendant's motion for sanctions is denied.

**BACKGROUND**

        The following facts are taken from the Complaint.

        In February 2005, non-party S&B Surgical Center ("S&B") borrowed money from, and entered into a loan agreement with Defendant, a financial investment management company incorporated in Delaware with its principal place of business in New York. Under the loan agreement, S&B granted Defendant security interests in all of its assets and agreed to make monthly payments. Plaintiff is a limited liability company and claims to be the assignee and

owner of all of the claims and rights of the S&B Surgery Center Creditor Trust, which was

created after S&B filed for bankruptcy under chapter 11 of the Bankruptcy Code.

The Complaint alleges that, although "S&B never received any of the loan amount paid

by Fortress under the Financing Agreement, payments were transferred on a daily basis from

S&B accounts to Fortress in an amount totaling $21,869,817.64."  The Complaint further alleges

that "[b]ecause S&B accounts were being emptied to [re]pay the Fortress loan, S&B was unable

to pay its other obligations" and "filed a petition for bankruptcy as a result of the debts, including

the Financing Agreement."

## I.     BANKRUPTCY PROCEEDINGS

In its bankruptcy proceeding, S&B filed an amended plan of reorganization (the "Plan").

The Plan divided S&B's creditors into five classes.  Claims of the largest class -- "Class 4

Creditors" -- would be satisfied by the proceeds of a "Class 4 Creditor Trust."  The Plan

provided that this trust would be funded, in part, by the transfer of "all right, title and interest in

the Causes of Action and the Avoidance Actions."  The Plan defined "Cause of Action" as:

> any and all claims, demands, rights, actions, Rights of Action,
> causes of action and suits of [S&B] or the Estate, of any kind or
> character whatsoever, known or unknown, suspected or
> unsuspected, whether arising prior to, on or after the Petition Date,
> in contract or in tort, at law or inequity or under any other theory
> of law, that [S&B] or [S&B]'s Estate has or asserts or may have or
> assert against third parties, whether or not brought as of the
> Effective Date, and which haven't been settled or otherwise
> resolved by Final Order as of the Effective Date, including but not
> limited to (1) rights of setoff, counterclaim or recoupment, and
> claims on contracts or for breaches of duties imposed by law, (2)
> such claims and defenses as fraud, mistake, duress and usury, (3)
> claims or tax refunds, (4) claims to recover outstanding accounts
> receivable, and (5) any other claims which may be asserted against
> third parties.

The Plan defined "Avoidance Action" as:

> An adversary proceeding, lawsuit or other proceeding with respect to Causes of Action arising under, relating to, or similar to sections 502(d), 506, 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552 or 553 of the Bankruptcy Code, or any *fraudulent conveyance*, fraudulent transfer or preferential laws, or any Cause of Action arising under, or relating to, any similar state law or federal law that constitutes property of the Estate under section 54 of the Bankruptcy Code, whether or not an action is initiated on or before the Effective Date.

(Emphasis added.)

The bankruptcy court confirmed the Plan on December 1, 2009.  In an order dated January 4, 2010, the bankruptcy court set June 1, 2010, as the deadline (the "Litigation Bar Date") for filing Avoidance Actions as defined in the Plan.  The bankruptcy court closed the case on September 2, 2010.

## II.   CALIFORNIA ACTION

On February 14, 2011, Plaintiff filed an action in the Superior Court of California against Fortress, Randy Rosen -- the founder of S&B -- and various unnamed defendants.  The Complaint asserted two claims of fraudulent conveyance (one under California law and one under New York law) seeking to set aside the payments made by S&B to Fortress, and a claim for breach of fiduciary duty against Rosen and the unnamed defendants.  In April 2011, Fortress removed the action to federal court in the Central District of California, where it was heard by the bankruptcy judge who had presided over the S&B Bankruptcy.

Defendant moved to dismiss Plaintiff's claims, arguing that the claims were untimely first, because the Litigation Bar Date Order required the filing by June 1, 2010, and second, because section 546(a)(2) of the Bankruptcy Code prohibits the commencement of avoidance actions under section 544 after the bankruptcy case is closed, which occurred on September 2,

2010.  The Bankruptcy Court accepted both arguments and dismissed Plaintiff's claims on July 26, 2011.

Plaintiff filed a notice of appeal on August 8, 2011.  On January 21, 2014, the U.S. District Court for the Central District of California affirmed the bankruptcy court's decision. Plaintiff filed a notice of appeal from the district court's order on February 13, 2014.  However, Plaintiff never filed an opening brief, and the Ninth Circuit dismissed the case for lack of prosecution.

## III.     NEW YORK ACTION

Plaintiff filed this action against Fortress in New York state court on February 16, 2011, two days after filing its California action.  Although Plaintiff's New York Complaint omitted the breach of fiduciary duty claim against Rosen and omitted Rosen as a party, the New York Complaint made the same general allegations and asserted the same claims of fraudulent conveyance under both New York and California law as had been alleged in the California action.  On June 22, 2011, Defendant removed the New York state action to this Court.

## DISCUSSION

## I.     RES JUDICATA

Defendant moves to dismiss Plaintiff's claims on the ground that they are barred by the doctrine of res judicata.  As Plaintiff's exact same claims were held to be time-barred by the bankruptcy court in the Central District of California, and the dismissal was affirmed by the district court, these claims are precluded by res judicata.  Defendant's motion to dismiss is therefore granted.

Res judicata "bars a subsequent action -- involving either the same plaintiffs or parties in privity with those plaintiffs -- from asserting claims that were, or could have been, raised in a

prior action that resulted in an adjudication on the merits." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The doctrine of res judicata "applies with full force to matters decided by the bankruptcy courts." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007).

To establish res judicata, the moving party must show that (1) the previous action involved an adjudication on the merits, (2) the previous action involved the plaintiffs or those in privity with them and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)). The second and third elements of res judicata are clearly satisfied here, as Plaintiff here was also the plaintiff in the California action, and the same claims were raised in both actions.

At issue, however, is the first element -- whether the bankruptcy court's dismissal was an adjudication on the merits. Here, the Central District of California bankruptcy court dismissed, and the district court affirmed the dismissal of, Plaintiff's claims because they were time-barred both under the Litigation Bar Date Order and section 546(a)(2).

Section 546(a)(2) provides in relevant part, "An action or proceeding under section 544 . . . of this title may not be commenced after . . . the time the case is closed or dismissed." 11 U.S.C. § 546(a)(2). Thus, any avoidance action filed in S&B's bankruptcy case after September 2, 2010, is untimely. *See Global Crossing Estate Representative v. Winnick*, No. 04 Civ. 2558, 2006 WL 2212776, at *5 (S.D.N.Y. Aug. 3, 2006). On appeal, Plaintiff had argued, and the district court agreed, that section 546(a) is a statute of limitations, rather than a jurisdictional bar, citing *Gross v. Petty (In re Petty)*, 93 B.R. 208 (B.A.P. 9th Cir. 1988), and *Ernst & Young v. Matsumoto (In re United Insurance Management, Inc.)*, 14 F.3d 1380 (9th Cir. 1994). *Accord*

*Pryor v. Barbara (In re Rodriguez)*, 283 B.R. 112, 120 (Bankr. E.D.N.Y. 2001) (holding that "section 546(a) is a statute of limitations which can be extended") (citing *Pugh v. Brook (In re Pugh)*, 158 F.3d 530, 538 (11th Cir. 1998)).

Similarly, bar dates issued by bankruptcy courts are "likened to statutes of limitations which must be strictly observed." *Maxwell Macmillan Realization Liquidating Trust v. Aboff (In re Macmillan, Inc.)*, 186 B.R. 35, 49 (Bankr. S.D.N.Y. 1995) (citing *In re Brill*, 52 F.2d 636 (S.D.N.Y.), *aff'd per curiam*, 52 F.2d 639 (2d Cir. 1931)); *accord Clark v. Valley Fed. Sav. & Loan Ass'n (In re Reliance Equities, Inc.)*, 966 F.2d 1338, 1345 (10th Cir. 1992) (noting that deadline for proof of claim set forth in Federal Rules of Bankruptcy Procedure "is in the nature of a statute of limitations"); *In re W.T. Grant Co.*, 53 B.R. 417, 420 (Bankr. S.D.N.Y. 1985) ("In setting a bar date, the court prescribes a statute of limitations . . . .").

"The longstanding rule in th[e Second] Circuit . . . is that a dismissal for failure to comply with [a] statute of limitations will operate as an adjudication on the merits, unless it is specifically stated to be without prejudice." *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 896 (2d Cir. 1983) (collecting cases); *accord Michaelesco v. Estate of Richard*, 355 Fed. App'x 572, 573 (2d Cir. 2009) (holding that dismissal on statute-of-limitations grounds constitutes adjudication on merits); *Dibbs v. Roldan*, 356 F. Supp. 2d 340, 349 (S.D.N.Y. 2005) ("Dismissal based on statute of limitations grounds constitutes a dismissal on the merits.").

Accordingly, the bankruptcy court's ruling that Plaintiff's claims are time-barred constitutes an adjudication of the merits, and Plaintiff's claims must be dismissed under the doctrine of res judicata.

Plaintiff argues that a dismissal on statute-of-limitations grounds is not necessarily an adjudication on the merits. Plaintiff relies on *Semtek International Inc. v. Lockheed Martin*

*Corp.*, 531 U.S. 497 (2001).  In *Semtek*, the Supreme Court noted, "[T]he traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect *in other jurisdictions with longer, unexpired limitations periods*."  *Id.* at 504 (emphasis added).  Plaintiff's reliance on *Semtek*, however, is unavailing.

First and most importantly, *Semtek* is factually inapposite, as it does not involve bankruptcy proceedings at all.  Second, *Semtek* has been read to apply only where alternative statutes of limitations are available in other jurisdictions.  *See Smith v. Woosley*, 399 F.3d 428, 436 (2d Cir. 2005) (holding that, where there are no other limitations periods available, dismissal on statute-of-limitations grounds has preclusive effect).  Here, no such alternative statutes of limitations exist.

In considering the same claims under New York and California law that Plaintiff raises in this action, the Central District of California reasoned that Plaintiff's fraudulent conveyance claims fall within the scope of section 544(b) and the statute of limitations set forth in section 546 of the Bankruptcy Code therefore applied.  Section 546 carries the same force in this District, and its language precludes the application of any alternative statutes of limitations.  *See Global Crossing Estate Representative*, 2006 WL 2212776, at *6 ("Section 546(a), by its very terms, applies to any 'action or proceeding under section 544' . . . .  There is no room in this language for the importation of state statutes of limitations . . . .").

Accordingly, Defendant's motion to dismiss is granted.

## II.      SANCTIONS

Defendant moves to sanction Plaintiff's counsel under 28 U.S.C. § 1927 for the

"continued prosecution of this case."  As Defendant has not shown that the conduct of Plaintiff's

counsel here satisfies the requirements for sanctions, Defendant's motion for sanctions is denied.

"To deal effectively, fairly, and efficiently with sanction claims, district courts have a

difficult task, but wide discretion."  *Oliveri v. Thompson*, 803 F.2d 1265, 1280 (2d Cir. 1986).

To warrant sanctions under section 1927 or under a district court's inherent power, there must be

"clear evidence that (1) the offending party's claims were entirely meritless and (2) the party

acted for improper purposes."  *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000)

(citation and internal quotation marks omitted).  The Second Circuit has stressed that an award is

only proper when the attorney's actions are completely without merit and supported by a finding

of bad faith.  *Id.* (citing *Oliveri*, 803 F.2d at 1273); *see also, e.g.*, *SEC v. Smith*, 710 F.3d 87, 96

(2d Cir. 2013) (affirming sanctions where party acted in bad faith by not revealing important

information); *Gallop v. Cheney*, 642 F.3d 364, 370 (2d Cir. 2011) (imposing sanctions sua

sponte for frivolous complaint against U.S. officials, claiming that they were behind the

September 11, 2001, attacks); *Gollomp v. Spitzer*, 568 F.3d 355, 368-71 (2d Cir. 2009)

(affirming sanctions where several courts had instructed counsel that similar claims were barred

by the Constitution, counsel misrepresented his disciplinary record to a magistrate judge and

counsel persisted on unfounded claims, despite having ample time to withdraw).

Defendant has not shown that opposing counsel's conduct here has been egregious

enough to warrant sanctions.  First, although Plaintiff's res judicata arguments are unpersuasive,

Plaintiff's claims here are not necessarily "entirely meritless."  *See McCune v. Rugged Entm't,

LLC,* No. 08 Civ. 2677, 2010 WL 1189390, at \*4 (E.D.N.Y. Mar. 29, 2010) ("The threshold for

colorability is low.  Claims are deemed 'colorable' when, viewed in light of the reasonable beliefs of the party making the claim, the claim has some amount of factual and legal support."). Second, Defendant has not shown that Plaintiff's counsel acted for "improper purposes."

Defendant argues that sanctions should be imposed because Plaintiff's counsel "commenced the New York Action *knowing* that it was entirely duplicative of the California Action" and that he did so as a "backup."  The fact that Plaintiff's counsel filed two duplicate suits is not evidence that counsel "acted for improper purposes."  *See Inland Dredging Co., L.L.C. v. Panama City Port Auth.*, 406 F. Supp. 2d 1277, 1285 n.7 (N.D. Fla. 2005) ("[D]uplicate lawsuits can be and sometimes are brought even on identical claims . . . sometimes in different jurisdictions.").  Plaintiff's counsel reasonably may have filed the second lawsuit in New York to take advantage of different procedures or for some other strategic reason.

Defendant further argues that sanctions should be imposed because Plaintiff's counsel agreed to "dismiss the New York Action with prejudice" if, in California, the appeal is denied or the dismissal order becomes final.  Even if Defendant is correct that Plaintiff's counsel violated the terms of the letter, counsel's conduct was not so egregious as to warrant sanctions.  *See, e.g.*, *J. Walter Thompson U.S.A., Inc. v. Bank of Am. Corp.*, No. 04 Civ. 1443, 2006 WL 476995, at *9 (S.D.N.Y. Mar. 1, 2006) (refusing to impose sanctions when party's counsel failed to comply with court ordered discovery deadline); *Torah Soft Ltd. v. Drosnin*, 224 F. Supp. 2d 704, 721-22 (S.D.N.Y. 2002) (refusing to impose sanctions on counsel for failing to withdraw meritless claims); *Carling v. Peters*, No. 10 Civ. 4573, 2013 WL 865842, at *9-10 (S.D.N.Y. Mar. 8, 2013) (refusing to impose sanctions where party misled court).

Accordingly, Defendant's motion for sanctions is denied.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and

Defendant's motion for sanctions is DENIED.  The Clerk of Court is respectfully directed to

close the motion at Docket No. 31 and to close the case.

SO ORDERED.

Dated:   March 6, 2015
         New York, New York


**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**